
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 4 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LARRY HOLMES,

                Petitioner,

- against -

RICHARD BROWN, Superintendent,

                Respondent.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-cv-03592 (CBA)

**AMON, Chief United States District Judge:**

On December 6, 2013, this Court denied Larry Holmes's petition for habeas corpus pursuant to 28 U.S.C. § 2254, and judgment was entered accordingly. On January 3, 2014, Holmes filed a notice of appeal. After that notice of appeal was filed, Holmes submitted a motion in this Court, dated February 17, 2014, seeking to vacate the Court's judgment pursuant to Fed. R. Civ. P. 60(b).[1] Subsequently, on April 17, 2014, the Court of Appeals issued a mandate dismissing Holmes's appeal due to his failure to move for a Certificate of Appealability.

In his Rule 60(b) motion, Holmes argues that this Court erred in its memorandum and order when it found that the trial court's jury instructions regarding his justification defense did not violate his due process rights. See Holmes v. Brown, No. 10-cv-03592, 2013 WL 6408496, at *8 (E.D.N.Y. Dec. 6, 2013). Holmes argues that one particular clause in the trial court's instructions – its statement that, if the government did not disprove justification beyond a reasonable doubt, "you must find the defendant not guilty of the crime of murder or manslaughter" (Trial Transcript 965) – incorrectly gave the jury the option to apply a finding of justification to only one of the charges and not the other.

---

[1] Holmes also purports to seek relief under Fed. R. Civ. P. 60(d)(1), which allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Because this is not an independent action for relief from the judgment, Rule 60(d)(1) is inapplicable, see Tin Yat Chin v. United States, No. 08-CV-1735, 2012 WL 130173, at *1 n.2 (E.D.N.Y. Jan. 17, 2012).

1

Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).[2]

The Court finds no basis for granting Holmes's Rule 60(b) motion. The Court already addressed this precise issue in its earlier memorandum and order, and Holmes has not demonstrated that he is entitled to relief for any of the reasons enumerated in Rule 60(b). In the memorandum and order dismissing Holmes's habeas petition, the Court concluded that the jury instruction, taken as a whole, "unambiguously require[d] an acquittal on both counts upon a finding of justification." Holmes, 2013 WL 6408496, at *9. Holmes's single cherry-picked use of the word "or" does not in any manner undermine that conclusion. Read as a whole, the charge clearly instructed the jury that the government had to prove beyond a reasonable doubt that Holmes was not justified in order to return a guilty verdict on either the murder or the manslaughter count. And even if the clause quoted by Holmes was somehow ambiguous – which the Court does not believe it is – "[a] challenged portion of the jury instructions may not

---

[2] Although, in habeas cases, a Rule 60(b) motion may sometimes be a second or successive habeas petition requiring certification from the Court of Appeals before it is brought, see Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005), a "subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions" "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed," Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005). Because Holmes's appeal was pending at the time this Rule 60(b) motion was filed, it is not a second or successive petition.

be judged in artificial isolation, but rather must be judged as the jury understood it, as part of the whole instruction," Smalls v. Batista, 191 F.3d 272, 277 (2d Cir. 1999) (internal quotation marks omitted). Considering the trial court's repeated and clear instructions that the justification defense applied to both charges, Holmes provides no basis for concluding that this Court was incorrect in finding that the jury instruction did not violate his due process rights.

In any event, Holmes's contention does not affect the central dispositive bases for denying his habeas petition. Holmes's due process claim and ineffective assistance of trial counsel claim were denied because they were procedurally barred. See Holmes, 2013 WL 6408496, at *5-*7, *9-*10. Holmes's contention regarding the allegedly erroneous nature of the jury charge has no bearing on those conclusions. Likewise, although Holmes's ineffective assistance of appellate counsel claim was not procedurally barred, it failed in part because he could not establish that the failure of his appellate counsel to raise an ineffective assistance of trial counsel claim on direct appeal constituted deficient performance. Id. at *12. Even were the Court to determine that Holmes's argument in this Rule 60(b) motion rendered the jury instruction problematic, it still would not find that Holmes's appellate counsel was deficient in failing to raise the ineffective assistance of trial counsel claim due to the lack of a clear rule in New York that the "stop consideration" language he requests is required, see Love v. Smith, No. CV–08–3746, 2009 WL 2422384, at *7 (E.D.N.Y. Aug. 6, 2009) (rejecting ineffective assistance of counsel claim based on the failure to object to a similar jury instruction in light of the lack of a "clear state rule on whether the stop-consideration language must be included"), and because there was no basis for appellate counsel to believe that Holmes's slight alteration would have changed the jury's verdict, cf. Richardson v. Marsh, 481 U.S. 200, 211 (1987) (noting "[t]he rule that juries are presumed to follow their instructions").

3

Accordingly, Holmes's motion pursuant to Rule 60(b) is denied. Since Holmes has failed to make a "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c).

SO ORDERED.

Dated: Brooklyn, New York
April 23, 2014

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge

